**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SIMPLER SOLAR SYSTEMS, INC.,**

    **Plaintiff,**

vs.                                           Case No. 4:12cv468-WS/CAS

**RENITTA KNIGHT CONSTRUCTION, LLC
RENITTA KNIGHT a/k/a RENITTA LUNDY,**

    **Defendants.**

    _____/

### REPORT AND RECOMMENDATION

    A motion to intervene as of right was filed by non-party Douglas W. Lundy, Sr. Doc. 15. Lundy claims he has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* at 2, *quoting* FED. R. CIV. P. 24(a)(2). Lundy's motion made a conclusory assertion that his interest would not be adequately represented, doc. 15, but he provided no basis for making that determination nor did he sufficiently explain what his interest was in this case. Lundy did not clarify the property that was at issue and made a conclusory allegation that his disability income was stolen from his bank account and "placed in some trust account at

Messer, Caparello, and Self," but he provided no date as to when that occurred. Doc. 15 at 1. Lundy further referenced a tax liability of $3,700.00 to the I.R.S., *Id.* at 2-3, but it was unclear how the interest of the I.R.S. was involved in this case.

Prior to giving the parties an opportunity to address the merits of the motion to intervene, doc. 15, Lundy was required to provide greater support for his motion. Doc. 16. The Order specifically noted that the motion to intervene was conclusory and failed to demonstrate why Lundy should be permitted to intervene. *Id.* Thus, Plaintiff was required to "explain his relationship to or with either the Plaintiff or Defendant and the law firm of Messer, Caparello & Self (a non-party)."[1] Doc. 16. Lundy was directed to "clarify the basis for his assertion that one of the parties in this case has funds to which he believes he is entitled." *Id.* Lundy has filed a response to that Order. Doc. 17.

Lundy states in his response that his personal property was removed from his "sole personal bank account" without prior notice. Doc. 17. Lundy does not state when this occurred, nor does he identify who took his property. He then makes the contradictory allegation that the property was joint property in a joint[2] checking account with his wife, Renitta H. Knight-Lundy. *Id.* As best can be determined from the response, Lundy had previously been involved in a controversy with the IRS over his joint 2005 tax return. *Id.* After an appeal, the IRS deemed the funds to be exempted income and ceased collection efforts. *Id.* However, at some point in 2011, "the IRS

---

[1] This case was certified to this Court from the Bankruptcy Court on September 13, 2012, doc. 1, upon the filing of a motion to withdraw reference. Doc. 2. The motion to withdraw, doc. 2, was granted on October 16, 2012. Doc. 6. The law firm of Messer, Caparello & Self was permitted to withdraw as counsel for Defendants. Docs. 9, 13.

[2] A joint bank account is not a "sole personal" account.

Case No. 4:12cv468-WS/CAS

sent the Lundy's a tax liability bill in the amount of $3500.00." *Id.* Lundy then asserts that on December 19, 2012, the I.R.S. indicated they "blocked their own agency from trying to collect from the Lundy's." *Id.*

Lundy has still failed to explain his interest in this case. In September 2012, Renitta Knight Construction filed a motion to withdraw the reference to the Bankruptcy Court. Doc. 2. That motion was granted, doc. 6, and the adversary action, Case No. 11-40909, was withdrawn from the Bankruptcy Court to this Court. The non-core[3] adversary proceeding seeks to recover funds from the Defendant, Renitta Knight Construction, "prohibit Defendant from taking further action to terminate the contract with Plaintiff," and seeks other injunctive relief concerning the business and contractual relationship between Plaintiff and Defendant.[4]

The Eleventh Circuit employs a four-part test for intervention drawn from Federal Rule of Civil Procedure 24(a)(2). To intervene as a matter of right, the movant must establish that:

(1) the party's application to intervene is timely;

(2) the party has an interest relating to the property or transaction which is the subject of the action;

---

[3] "A core proceeding is a cause of action arising out of the Bankruptcy Code itself, or which is only possible in the bankruptcy context even if state law impacts or is determinative of the decision. A noncore proceeding can exist independent of the bankruptcy case." In re Wilson, 207 B.R. 241, 248 (Bkrtcy. N.D. Ala. 1996); *see also* Thomasson v. AmSouth Bank, N.A., 59 B.R. 997 (N.D. Ala. 1986).

[4] The motion to withdraw the reference explained that the "parties entered into a prepetition contract relationship . . . that Plaintiff performed work under the contract with Defendant . . . and that Plaintiff is owed a balance of $56,430.30 . . . ." Doc. 2 at 4. This case is a contract dispute.

Case No. 4:12cv468-WS/CAS

> (3) the party is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and
>
> (4) the party's interest is not adequately represented by the existing parties to the suit.

Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989); Stone v. First Union Corp., 371 F.3d 1305, 1308-09 (11th Cir. 2004). A movant's "failure to meet any of the requirements precludes intervention as of right." Howse v. S/V Canada Goose I, 641 F.2d 317, 320 (5th Cir. 1981),[5] *cited in* Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta, 224 F.R.D. 694, 699 (N.D. Ga. 2004).

It will be accepted for present purposes that Lundy's motion to intervene was timely. However, Lundy has not shown a "legally protectable interest in" this litigation because he is not a party to the contract at issue between the parties, Simpler Solar Systems, Inc., and Renitta Knight Construction, LLC. Chiles v. Thornburgh, 865 F.2d 1197, 1212 (11th Cir. 1989) (stating "[t]he focus therefore of a Rule 24 inquiry is whether the intervenor has a legally protectable interest in the litigation."). Lundy has not demonstrated that he has a legal interest in Renitta Knight Construction, LLC. Lundy has not shown that matters concerning his bank account is relevant to this case, nor has he shown any nexus between the bank account, the law firm, the I.R.S., or this case. The Eleventh Circuit "has held that a legally protectable interest 'is something more than an economic interest.' " United States v. South Fla. Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir. 1991) (quotation marks and citation omitted). "What is required

---

[5] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant." South Fla. Water Mgmt. Dist., 922 F.2d at 710.

Lundy stated in the motion to intervene that he sought permission to intervene and requested to "have all funds being illegally helded [sic] at Messer, Caparello, and Self law firm returned to Mr. Lundy, the non-party." Doc. 15. That request is separate from the subject matter of this adversary proceeding and the law firm is not a party in this case, nor do they represent a party any longer. Lundy provides only a suggestion that some of the money from his bank account was used by or given to Renitta Knight Construction.[6] That economic interest, if it exists, has not been shown to be a legally protectable interest. Lundy has not shown that he has a definable interest in the pending breach of contract action. Stated otherwise, Lundy has not alleged how any judgment that may be rendered against Renitta Knight Construction or Renitta Knight might adversely impact him. Thus, the motion to intervene must be denied for that reason alone.

Another reason also exists, however. Lundy has not shown that his interest could not be adequately represented by the existing parties to the suit. Lundy is pro se in this matter, and a company must be represented by counsel.[7] Lundy's limited ability to articulate his interest in this case and present an articulate basis for intervening

---

[6] Lundy stated, "As for Renitta Knight Construction, LLC., that company is an extention [sic] of MR. LUNDY'S TOTAL and PERMANENT DISABILITY BENEFITS." Doc. 15 at 2.

[7] Defendants are reminded of the **January 11, 2013**, deadline in which to secure new counsel to represent the corporate Defendant and a notice of appearance must be filed on or before that deadline.

provides support for the finding that Lundy, on his own, would not adequately represent his interest. Thus, the motion to intervene should be denied.

Should Douglas W. Lundy, Sr., have documentary or other evidence which would demonstrate a legally protectable interest in the subject matter of this case, Lundy may file a motion for reconsideration. Lundy may not file a motion for reconsideration which only re-iterates the arguments presented in the motion, doc. 15, or response, doc. 17. The motion for reconsideration must present facts and evidence not already submitted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Douglas W. Lundy, Sr.'s motion to intervene, doc. 15, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party, or Douglas Lundy as the movant, may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party or the movant may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**